## Case No. 15.

### The ABBY WHITMAN.

[17 Law Rep. 322; 34 Hunt, Mer. Mag. 11.]

District Court, D. Massachusetts.   July 31, 1854.

SHIPPING — TITLE TO VESSEL WHILE BUILDING — LIEN OF MATERIAL MEN — WAIVER.

[1. A vessel building under a contract whereby one payment is to be made when she is framed, and the rest when completed, is, until finished and delivered, the property of the builder, and may be subject to the lien given by St. Mass. 1848, c. 290, to one furnishing materials for her construction.]

[2. Materials were sold to a builder at work upon several ships, without any attempt to discover on which ship they were used. The material man's books charged the builder personally, without reference to any of the vessels, and showed no appropriation of payments to any items distinguishing them, and credit was given which might extend beyond the time to which the lien for such materials allowed by St. Mass. 1848, c. 290, was limited by that statute. Held, that the material man had no lien, having shown no intention to hold the owner personally.]

[In admiralty. Libel by C. F. Gardiner and others against the Abby Whitman, J. H. Pearson, and others, and George Cannon, assignee, claimants for materials furnished. Dismissed.]

This was a libel against the Abby Whitman, for materials alleged to have been used in her construction, under the Massachusetts statute, entitled an "Act establishing a lien upon ships and vessels in certain cases," St. 1848, c. 290. The claimants contending that under the circumstances of the case no lien existed, even if the materials were so used, a hearing was had to determine this point. The claimants contended that the vessel was built by A. B. for other persons, under a contract with them, by which payments were to be made during her

construction, one when she was framed, and the balance on her completion. That the whole amount due by the contract was paid by them to B., on delivery of the vessel, without notice of the libellants' claim, and that the vessel under these circumstances became, at least on the payment made when she was framed, the property of the persons for whom she was built, on the authority of Clarke v. Spence, 4 Adol. & E. 448, and other cases; and that if so, or even if there was no such change in the property of the vessel, still there was no lien, under the case of Smith v. Eastern Railroad, [Case No. 13,039.] They also claimed that the materials in question were supplied on the exclusive personal credit of the builder, and that therefore no lien arose; that there was a credit given by the libellants to him for four months, except as to one item, which was claimed to have been paid, and that a credit for such time showed an intention not to rely upon the lien, as it might extend beyond the period to which the lien was limited by the statute; and further, that by applying certain payments acknowledged to have been made by the builder, and receipted for on account, in the order of the debts, and allowing the four months credit claimed, nothing would be due at the date of the libel.

The same builder was constructing other vessels, at or about the same time, in the same yard, and materials furnished by the libellants were employed in such other vessels.

Henry F. Durant and Benjamin Pond, for libellants.

C. B. Goodrich, for Pearson and others.
Geo. S. Hale, for Cannon.

SPRAGUE, District Judge, said that so far as the question of property in the vessel was concerned, she was, and remained, until completion and delivery to the purchaser, the property of the builder; that one material element upon which the English decisions rested, he thought, was wanting here, viz.: the fixing any payment or payments at a specific period in her construction; but if that were otherwise, still the authority of those cases had not been recognized, and the law would probably be otherwise held here: and that this case did not come within that of the Eastern Railroad, [Case No. 13,039.] As to the lien claimed on the vessel, however, he was of opinion that it did not exist, because the evidence and circumstances in the case showed an intention on the part of the libellants to rely upon the personal credit of the builder and not upon the vessel. This appeared in the first place from the libellants' own books, in which all the charges were made against the builder personally, without any reference to, or mention of any of the vessels which he was building; again, the materials appeared to have been taken from the libellants' yard by a teamster employed by the builder, and transferred to his ship-yard, while no exertions appeared to have been made by them to ascertain for what purpose these materials were to be used, as would naturally have been the case if they intended to claim a lien upon the vessels in whose construction they were employed, the right to a lien depending upon their being actually used in the construction of some vessel; and if they looked to any vessel, they ought to have known in which their materials were used, or to which they were hauled, and would naturally have made inquiries at the time; but no inquiries were made, so far as appeared, and no charge to any vessel.

Thirdly, when payments were made by B., the builder, as they were from time to time, to the amount of $2,500, there was no appropriation by the libellants on their books, or receipts, to any items to distinguish their claim upon the different vessels, as would be proper, if they intended to claim liens upon them, for it would be material to know which was paid for, and which not.

The fourth circumstance bearing upon this matter was the alleged credit of four months. In itself, that was the most material, but it was mentioned last because there was more doubt as to the fact.

His honor reviewed the evidence upon this point, and expressed his opinion that it showed a course of conduct by the libellants, inconsistent with the intention to claim a lien, even if it did not, and he seemed to consider that the weight of the testimony was that it did, show such a credit. He was of opinion that the payments made must be applied to the account generally, and not as the plaintiff had claimed and offered evidence to show that they should be, to other items than those specified in his libel. And he came to the conclusion, upon the whole, that no lien existed, because upon all the evidence, not relying upon any of the considerations mentioned, alone, it appeared to be the libellants' intention to waive it, and rely upon the builder personally. The matter of the four months credit he had considered only as bearing upon the general question of a personal credit, because it was not alleged in the claimants' answers as a substantive ground of defence, although conclusive, when properly alleged and proved, if that credit would certainly extend beyond the time limited by statute, and more or less strong in proportion to the probability that it would extend beyond that time, the weight to be given to it in this case, depending on its force as evidence of an intention not to rely upon a lien. Libel dismissed, with costs for claimants.